THE STATE, EX REL. CLARENCE LINN, ADMINISTRATOR OF AUGUST INGWERSEN, v. PATRICK H. O'NEIL, CITY COLLECTOR OF JERSEY CITY.

1. Taxes become a lien on property only by force of legislation.
2. There is no statutory provision by which, in Jersey City, a lien can be established upon lands for taxes assessed against personal property.

Application for *mandamus.*

Argued at June Term, 1892, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the relator; *Clarence Linn.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The above-named intestate died seized of Lot No. 16, in Block 225, in Jersey City, upon which the taxes assessed in 1887 and 1888 remain unpaid.   The relator tendered to the city collector the amount of these taxes with interest, but the collector refused to accept the same, on the ground that the taxes assessed for the same years upon the personal property of the decedent are a lien upon the said lot of land.

This proceeding has been instituted to test that question.

Taxes are not debts in the ordinary acceptation of the term, and statutory measures must be resorted to for their collection. Generally no others are admissible.   *Cooley Tax.* 300.

It is conceded in this state that taxes become liens on property solely from express legislation, and can be collected only in the manner provided by statute.   *Johnson* v. *Van Horn,* 16 *Vroom* 136 ; *City of Camden* v. *Allen,* 2 *Dutcher* 398.

The charter of Jersey City is as follows :

Section 138 provides that " each assessor shall, within his district, assess the taxes for city purposes as directed by the

laws of this state for assessing township, county and state taxes, in the following manner : They shall severally assess all real estate situated in their respective districts, both of residents and non-residents, and all personal estate situate in their respective districts belonging to non-residents in said city, and all the personal estate situated within said city, and also all the personal estate which is not elsewhere subject to taxation for township or municipal purposes, of the residents in their respective districts, except," &c., "and all taxes so assessed for said purposes, shall be collected by the city collector in the same manner as he is by law directed to collect county and state taxes."

Section 139 provides " that, except when otherwise provided, all state and county taxes shall be assessed by the assessors in like manner, upon the same property as city taxes are assessed, and they shall be collected by the collector in like manner as city taxes are collected by him."

Section 151 provides for the sale of lands to raise and pay the tax which may be assessed against them.

The city charter contains no provision making taxes on personal property a lien on the real estate.

The act concerning taxes (*Rev., p.* 1143, § 18) provides that a warrant shall issue against tax delinquents commanding the tax to be made by distress and sale of the goods and chattels of the delinquent, and for want of goods by taking the body of the delinquent.

So rigidly is the rule adhered to in this state that a lien upon lands for taxes is wholly the product of express legislation, that in *Barkley* v. *Elizabeth,* 12 *Vroom* 518, this court held that two separate lots of land could not be sold together for the taxes which were separately assessed against each lot.

There is an entire absence of any statutory authority for establishing a lien upon lands for taxes assessed in Jersey City upon personal property.

The relator is entitled to the relief he prays for.